**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| GREG MADDOX, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 2:05-CV-0190-RWS |
| CITY OF WINDER; MAYOR A. : | |
| LAMAR OUTZS; CHIEF OF : | |
| POLICE STANLEY RODGERS; : | |
| CITY COUNCIL et al., : | |
| : | |
| Defendants. : | |

## **ORDER**

Plaintiff, a former police officer employed by the City of Winder who is proceeding pro se, brings this action under 42 U.S.C. § 1983. This case is presently before the Court for consideration of Defendants' Motion for Summary Judgment [28]. After reviewing the entire record, the Court enters the following Order.

### **Background**

On or about March 22, 2004, Plaintiff was hired to serve as a patrol

AO 72A
(Rev.8/82)

officer in the City of Winder Police Department.[1] (Defs.' Stmt. of Mat. Facts [30] ¶ 5 [hereinafter "DSMF"].) Under City policy in effect at the time, newly hired police officers are required to serve a one-year probationary period which begins upon completion of their required field training. (DSMF ¶¶ 6-7.) Plaintiff completed his field training on or May 5, 2004, and as such, his probationary period was scheduled to end on May 5, 2005. (See DSMF ¶ 6.) However, because Plaintiff was under investigation for two separate instances of misconduct, the Chief of Police, consistent with City policy, elected to extend Plaintiff's probationary period through June 1, 2005. (DSMF ¶ 21.)

Based upon the results of the internal affairs investigation into Plaintiff's misconduct, Chief of Police Rodgers elected to terminate Plaintiff's employment and provided him with a detailed, 20 page Termination Memorandum, however, Plaintiff elected to resign in lieu of termination. (DSMF ¶¶ 50-51.) After his resignation, Plaintiff reviewed certain city polices

---

[1] Defendants have filed a properly supported Motion for Summary Judgment. Plaintiff has filed a response consisting of one substantive paragraph. Plaintiff has not submitted any evidence in response to Defendants' Motion, or filed any response to Defendants' Statement of Undisputed Facts as required under the Local Rules of this Court. See NDGa., LR 56(B)(2). Accordingly, the facts set forth in Defendants' Statement of Undisputed Material Facts are deemed admitted. NDGa., LR 56(B)(2)(a)(2).

2

and his personnel file. (DSMF ¶ 52.) Believing that he was not a probationary employee at the time of his resignation, and that documents in his personnel file contained stigmatizing statements regarding his conduct, Plaintiff requested, and was granted, a hearing before the City Appeals Board. (DSMF ¶¶ 52-54.)

On August 3, 2005, after providing notice to Plaintiff, the City Appeals Board held a three-hour public hearing regarding Plaintiff's termination. (DSMF ¶¶ 54, 57, 60.) Plaintiff appeared at the hearing and represented himself. (DSMF ¶ 57.) The Chief of Police represented the City. (Id.) During the hearing, Plaintiff had the opportunity to make oral arguments, submit documentary evidence, and present witness testimony. (DSMF ¶¶ 57, 61.) After Plaintiff and the Chief of Police had concluded their presentations, the City Appeals Board went into executive session, and after deliberation, voted unanimously to uphold Plaintiff's termination. (DSMF ¶ 64.)

Plaintiff then initiated this action, alleging that the termination of his employment, as well as the contents of his personnel file and a newspaper article regarding his appeals hearing, violated his right to procedural due process secured by the 14th Amendment. After discovery, Defendants have moved for summary judgment. The Court turns now to resolve that motion.

3

**Discussion**

**I.      Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The applicable substantive law

4

identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50. In determining a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts.").

AO 72A
(Rev.8/82)

**II.     Defendants are Entitled to Judgment as a Matter of Law**

In this case, Plaintiff alleges that his right to procedural due process was violated.  Assuming without deciding that Plaintiff has shown a deprivation of some right protected by the Due Process Clause, Plaintiff has failed to state a claim for a procedural due process violation because an adequate state remedy is available.

"It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000).  Thus, " 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.' " Id. at 1330-31 (quoting McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)).

In Cotton, the Eleventh Circuit explained that "[u]nder Georgia law, when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed, a party may seek mandamus." Id. at 1332 (citing O.C.G.A. § 9-6-20).  The Cotton Court explained that an employee who

6

believes that his termination impermissibly infringed upon either a protected liberty or property interest is legally entitled to seek an order of mandamus directing the employer to hold a name-clearing hearing. Id. at 1333. Thus, the Eleventh Circuit held that because a writ of mandamus was both available to the plaintiff and constituted an adequate state remedy, the plaintiff had failed to state a claim for a procedural due process violation. Id.

In this case, Plaintiff was provided with a public hearing regarding his termination before the City Appeals Board which appears on the present record to be more than sufficient. However, assuming that the hearing provided was constitutionally inadequate, the Court sees no reason why mandamus would not lie to compel the City's Appeals Board to hold a hearing which satisfies the requirements of due process. Accordingly, because Plaintiff may seek a writ of mandamus under O.C.G.A. § 9-6-20, and because the mandamus proceeding would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights, Plaintiff has failed to show that inadequate state remedies were available to him to remedy any alleged procedural deprivations. Accordingly, Plaintiff has failed to state a claim for a procedural due process violation, and Defendants are entitled to summary judgment.

## Conclusion

For the reasons stated herein, Defendants' Motion for Summary Judgment [28] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this   13th   day of March, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE